SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

TESSA JAREEN JACHODE
TANISHA LORRAINE COOK
HARRISON NATHANIEL SPENCER
JAMELIA FAREAUX

CASE NO.  6:24-cr-2- Orl- GAP- RMN

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1028A

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Commit Bank Fraud)

### A. Introduction

At times material to this Indictment:

1.   Synchrony Bank was a financial institution headquartered in Connecticut, the accounts and deposits of which were federally insured by the Federal Deposit Insurance Corporation (referred to herein as the "FDIC").

2.   Synchrony Bank offered credit lines to consumers for use at various businesses, including for use at jewelers located in the Middle District of Florida and elsewhere.

3.    To obtain a line of credit from Synchrony Bank, a consumer would complete an online application through servers operated by Synchrony Bank in Texas, Nebraska, and Arizona.

4.    Based upon the information provided by the consumer and the results of a credit check, Synchrony Bank would determine whether to issue a line of credit to the consumer that could be used at approved businesses.

## B. The Conspiracy

5.    Beginning at a time unknown to the Grand Jury, but beginning at least by in or about December 2019, and continuing through in or about January 2020, in the Middle District of Florida, and elsewhere, the defendants,

TESSA JAREEN JACHODE,
TANISHA LORRAINE COOK,
HARRISON NATHANIEL SPENCER,
and
JAMELIA FAREAUX,

knowingly and willfully did combine, conspire, confederate, and agree, with at least one other individual, to commit bank fraud, in violation of 18 U.S.C. § 1344.

2

## C. <u>Manner and Means of the Conspiracy</u>

6.      The manner and means by which the members of the conspiracy

sought to accomplish the objects and purpose of the conspiracy included,

among others, the following:

a.      It was part of the conspiracy that members of the

conspiracy would and did obtain the personal identifying information of

identity theft victims, including, but not limited to, the victims' names, dates

of birth, and social security numbers.

b.      It was further part of the conspiracy that the defendants

TESSA JAREEN JACHODE, TANISHA LORRAINE COOK, HARRISON

NATHANIEL SPENCER, and JAMELIA FAREAUX would and did submit

false and fraudulent credit applications to Synchrony Bank, using the personal

identifying information of the identity theft victims, without the victims'

authorization.

c.      It was further part of the conspiracy that, in connection

with the credit applications, the defendants TESSA JAREEN JACHODE,

TANISHA LORRAINE COOK, HARRISON NATHANIEL SPENCER,

and JAMELIA FAREAUX would and did submit fraudulent supporting

documentation, including, but not limited to, fake driver's licenses containing

the identity theft victims' personal identifying information.

3

d.     It was further part of the conspiracy that as a result of this fraudulent conduct, the defendants TESSA JAREEN JACHODE, TANISHA LORRAINE COOK, HARRISON NATHANIEL SPENCER, and JAMELIA FAREAUX, and other individuals known and unknown to the Grand Jury, caused Synchrony Bank to approve credit applications that contained materially false and fraudulent information and issue at least eleven lines of credit, totaling at least $98,950.

e.     It was a further part of the conspiracy that the defendants TESSA JAREEN JACHODE, TANISHA LORRAINE COOK, HARRISON NATHANIEL SPENCER, and JAMELIA FAREAUX would and did utilize the fraudulently obtained lines of credit from Synchrony Bank to purchase jewelry, valued in excess of $50,000.

f.     It was further part of the conspiracy that the defendants TESSA JAREEN JACHODE, TANISHA LORRAINE COOK, HARRISON NATHANIEL SPENCER, and JAMELIA FAREAUX, and other conspirators known and unknown to the Grand Jury, would and did misrepresent, conceal, hide and cause to be misrepresented, concealed and hidden, acts done in furtherance of the conspiracy.

All in violation of 18 U.S.C. § 1349.

4

## COUNTS TWO THROUGH TWELVE
(Bank Fraud)

### A. Introduction

1.      The allegations contained in paragraphs one through four of
Count One of this Indictment are hereby realleged and incorporated herein by
reference.

### B. The Scheme and Artifice

2.      Beginning at a time unknown to the Grand Jury, but beginning at
least by on or about December 6, 2019, and continuing until at least January
9, 2020, in the Middle District of Florida, and elsewhere, the defendants,

TESSA JAREEN JACHODE,
TANISHA LORRAINE COOK,
HARRISON NATHANIEL SPENCER,
and
JAMELIA FAREAUX,

and others known and unknown to the Grand Jury, did knowingly and
willfully, and with intent to defraud, devise and intend to devise, a scheme
and artifice to defraud, and for obtaining money and funds owned by and
under the custody and control of, a financial institution insured by the FDIC,
by means of materially false and fraudulent pretenses, representations, and
promises.

5

### C. <u>Manner and Means of the Scheme and Artifice</u>

3.     The substance of the scheme and artifice and its manner and means are described in paragraphs 6.a through 6.f of Count One of this Indictment, the allegations of which are hereby realleged and incorporated herein by reference.

### D. <u>Executions of the Scheme and Artifice by JACHODE</u>

4.     On or about the dates set forth below, in the Middle District of Florida, and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, the defendant,

TESSA JAREEN JACHODE,

caused Synchrony Bank to issue lines of credit in the names and amounts set forth below.

| Count | Date | Name of Identity Theft Victim | Amount of Credit Authorized |
|-------|------|-------------------------------|-----------------------------|
| Two | 12/5/2019 | H.N. | $5,500 |
| Three | 12/5/2019 | J.W. | $8,360 |
| Four | 12/17/2019 | L.B. | $9,000 |
| Five | 12/17/2019 | C.H. | $10,890 |
| Six | 1/6/2020 | J.H. | $2,000 |
| Seven | 1/8/2020 | C.M. | $4,200 |

6

All in violation of 18 U.S.C. §§ 1344 and 2.

**E. Executions of the Scheme and Artifice by COOK**

5.      On or about the dates set forth below, in the Middle District of Florida, and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, the defendant,

TANISHA LORRAINE COOK,

caused Synchrony Bank to issue lines of credit in the names and amounts set forth below.

| Count | Date | Name of Identity Theft Victim | Amount of Credit Authorized |
|-------|------|-------------------------------|------------------------------|
| Eight | 12/19/2019 | M.A. | $8,000 |
| Nine | 12/29/2019 | P.C. | $22,000 |
| Ten | 1/3/2020 | T.P. | $12,000 |

All in violation of 18 U.S.C. §§ 1344 and 2.

**F. Executions of the Scheme and Artifice by SPENCER**

6.      On or about the date set forth below, in the Middle District of Florida, and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, the defendant,

HARRISON NATHANIEL SPENCER,

caused Synchrony Bank to issue a line of credit in the name and amount set forth below.

| Count | Date | Name of Identity Theft Victim | Amount of Credit Authorized |
|-------|------|-------------------------------|------------------------------|
| Eleven | 12/27/2019 | K.C. | $10,000 |

All in violation of 18 U.S.C. §§ 1344 and 2.

### G. Executions of the Scheme and Artifice by FAREAUX

7.      On or about the date set forth below, in the Middle District of Florida, and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, the defendant,

JAMELIA FAREAUX,

caused Synchrony Bank to issue a line of credit in the name and amount set forth below.

| Count | Date | Name of Identity Theft Victim | Amount of Credit Authorized |
|-------|------|-------------------------------|------------------------------|
| Twelve | 12/20/2019 | S.R. | $7,000 |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS THIRTEEN THROUGH TWENTY
(Aggravated Identity Theft)

1.      The allegations contained in Counts One through Twelve of this Indictment are hereby realleged and incorporated herein by reference.

2.      On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

TESSA JAREEN JACHODE,

did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, as described below, during and in relation to a felony violation of Bank Fraud, in violation of 18 U.S.C. § 1344 and 2, as charged in Counts Three, Four, and Five of this Indictment, knowing that such means of identification belonged to actual people:

| Count | Date | Description |
|-------|------|-------------|
| Thirteen | 12/5/2019 | Use of victim J.W.'s name, date of birth, and social security number |
| Fourteen | 12/17/2019 | Use of victim L.B.'s name, date of birth, and social security number |
| Fifteen | 12/17/2019 | Use of victim C.H.'s name, date of birth, and social security number |

All in violation of 18 U.S.C. § 1028A(a)(1).

3.      On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

9

TANISHA LORRAINE COOK,

did knowingly transfer, possess, and use, without lawful authority, means of

identification of another person, as described below, during and in relation to

a felony violation of Bank Fraud, in violation of 18 U.S.C. § 1344 and 2, as

charged in Counts Eight, Nine, and Ten of this Indictment, knowing that such

means of identification belonged to actual people:

| Count | Date | Description |
|---|---|---|
| Sixteen | 12/19/2019 | Use of victim M.A.'s name, date of birth, and social security number |
| Seventeen | 12/29/2019 | Use of victim P.C.'s name, date of birth, and social security number |
| Eighteen | 1/3/2020 | Use of victim T.P.'s name, date of birth, and social security number |

All in violation of 18 U.S.C. § 1028A(a)(1).

4.      On or about the date set forth below, in the Middle District of

Florida, and elsewhere, the defendant,

HARRISON NATHANIEL SPENCER,

did knowingly transfer, possess, and use, without lawful authority, means of

identification of another person, as described below, during and in relation to

a felony violation of Bank Fraud, in violation of 18 U.S.C. § 1344 and 2, as

charged in Count Eleven of this Indictment, knowing that such means of

identification belonged to an actual person:

10

| Count | Date | Description |
|---|---|---|
| Nineteen | 12/27/2019 | Use of victim K.C.'s name, date of birth, and social security number |

All in violation of 18 U.S.C. § 1028A(a)(1).

5.      On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

JAMELIA FAREAUX,

Did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, as described below, during and in relation to a felony violation of Bank Fraud, in violation of 18 U.S.C. § 1344 and 2, as charged in Count Twelve of this Indictment, knowing that such means of identification belonged to an actual person:

| Count | Date | Description |
|---|---|---|
| Twenty | 12/20/2019 | Use of victim S.R.'s name, date of birth, and social security number |

All in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1.      The allegations contained in Counts One through Twelve are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A).

2.     Upon conviction of a conspiracy of the violation of 18 U.S.C. §§ 1344 and/or 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.     The property to be forfeited includes, but is not limited to, the sum of $98,950, which represents the proceeds of the offenses.

4.     If any of the property described above, as a result of any act or omission of the defendants:

       a.     cannot be located upon the exercise of due diligence;

       b.     has been transferred or sold to, or deposited with, a third party;

       c.     has been placed beyond the jurisdiction of the court;

       d.     has been substantially diminished in value; or

       e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).


A TRUE BILL,


Foreperson


ROGER B. HANDBERG
United States Attorney

By:    _____

Noah P. Dorman
Assistant United States Attorney


By:    _____

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division


13

FORM OBD-34
January 24                                                No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Orlando Division

### THE UNITED STATES OF AMERICA

vs.

TESSA JAREEN JACHODE
TANISHA LORRAINE COOK
HARRISON NATHANIEL SPENCER
JAMELIA FAREAUX

### INDICTMENT

Violations:   18 U.S.C. § 1349
              18 U.S.C. § 1344
              18 U.S.C. § 1028A

A true bill,

_____
                Foreperson

Filed in open court this 3rd day of January, 2024.

_____
                Clerk

Bail $_____